**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

November 5, 2015

**LETTER OPINION**

  Re: <u>Adams *v. Verizon, et al.*</u>
     <u>Civil Action No. 14-6820 (ES) (MAH)</u>

Dear Parties:

  Pending before the Court is Defendants' motion to dismiss the Complaint. (D.E. No. 10).[1] For the following reasons, the Court grants Defendants' motion to dismiss without prejudice to Plaintiff filing an amended complaint.

  Plaintiff's Complaint consists of a single handwritten page containing the following allegations: "I have been terminated wrongfully. I was disciplined twice for the same action. Also have been suspended over and over without cause due to my race." (D.E. No. 1, Complaint). Plaintiff does not reference any law or other authority under which he brings his claims. Nevertheless, the Court will construe Plaintiff's allegations to assert a racial discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1). *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Scott v. Com. Dep't of Pub. Welfare*, No. 02-3799, 2003 WL 22133799, at *5 (E.D. Pa. Aug. 28, 2003) (interpreting pro se plaintiff's discrimination claim as arising under Title VII despite no mention of the statute or other legal authority).

  Before instituting an action under Title VII, a plaintiff must timely file his claim with the Equal Employment Opportunity Commission ("EEOC") and obtain a right-to-sue letter from the agency. *See* 42 U.S.C. § 2000e–5. A plaintiff has ninety days after receiving a right-to-sue letter issued by the EEOC in which to file suit. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). The ninety-day limit is strictly construed such that "a civil suit filed

---

[1] Defendants' motion to dismiss was filed on May 20, 2015. (D.E. No. 10). Plaintiff filed a letter in opposition to Defendants' motion on June 17, 2015. (D.E. No. 11). Defendants filed a reply to Plaintiff's opposition on June 24, 2015. (D.E. No. 12). On July 22, 2015, Plaintiff filed a letter in opposition to Defendant seeking leave to amend the Complaint to include claims under 42 U.S.C. § 1981. (D.E. No. 14). Although the Court did not grant Plaintiff leave to file a sur-reply, the Court will consider Plaintiff's request for leave to amend.

even one day late is time-barred and may be dismissed," unless some equitable basis for tolling exists. *Id.*

Under equitable tolling, "plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). For example, equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit; when "the defendant has actively misled the plaintiff; when the plaintiff in some extraordinary way was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Id.* (internal quotation marks omitted).

Here, the EEOC issued Plaintiff a right-to-sue letter on December 21, 2012. Plaintiff therefore had until March 25, 2013 to file a lawsuit in federal court. However, Plaintiff did not file the Complaint until October 30, 2014. (D.E. No. 1). Therefore, Plaintiff's Complaint is time-barred unless he can show some basis for equitable tolling. *Burgh*, 251 F.3d at 470.

In Plaintiff's opposition letter, Plaintiff asserts that his delay in filing the Complaint was caused by the pendency of an arbitration proceeding regarding Plaintiff's discharge by his former employer. (D.E. No. 11). However, the existence of an ongoing arbitration proceeding is not a sufficient basis for equitable tolling of the ninety-day filing period. *See Ross v. Rutgers Univ.*, No. 13-2809, 2013 WL 5201227, at *3 (D.N.J. Sept. 16, 2013) (citing *Int'l Union of Elec., Radio & Mach. Workers, AFL–CIO, Local 790 v. Robbins & Myers, Inc.,* 429 U.S. 229, 236, (1976)). Accordingly, Plaintiff has failed to establish a basis for equitable tolling. *See Id.*

Furthermore, the Complaint fails to state a claim for which relief can be granted. In order to state a claim of race discrimination under Title VII, a plaintiff must allege that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was terminated; and (4) the termination gave rise to an inference of discrimination based on race or gender. *Tucker v. Thomas Jefferson Univ.*, 484 F. App'x 710, 712 (3d Cir. 2012) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05 (1973)). Here, Plaintiff has failed to allege any facts related to the foregoing elements.

And finally, Plaintiff has failed to serve each defendant in accordance with Federal Rules of Civil Procedure 4(a)-(m). Plaintiff served only one defendant, Kenneth Hult. (D.E. No. 6).

Accordingly, the Court GRANTS Defendants' motion to dismiss without prejudice to Plaintiff filing an amended complaint. An appropriate Order accompanies this Letter Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**