<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY L. ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> KENNY HULT, et al., <br><br> Defendants. | Civil Action No. 14-6820 (ES) (MAH) <br><br> OPINION |

SALAS, DISTRICT JUDGE

Pending before the Court is the motion to dismiss filed by Defendants Kenneth Hult, Jr. (improperly pleaded as Kenny Hult) and Verizon New Jersey, Inc. (improperly pleaded as Verizon). (D.E. No. 30). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). Subject matter jurisdiction is proper under 28 U.S.C. § 1331 based upon Plaintiff's assertion of federal claims, (*see* D.E. No. 27), and supplemental jurisdiction is proper under 28 U.S.C. § 1367 for Plaintiff's state law claims. For the reasons stated herein, the Court GRANTS the motion to dismiss.

I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff Jeffrey L. Adams is a "black American" who was hired by Verizon New Jersey, Inc. ("Verizon") as an outside plant technician on July 12, 1999. (D.E. No. 27, Amended Complaint ("Am. Compl.") ¶¶ 5, 14). Plaintiff alleges that, during the course of his employment, Defendants discriminated against him because of his race. According to Plaintiff, the following discriminatory acts occurred:

Defendants denied Plaintiff medical attention, (*id.* ¶ 8a);
Plaintiff was prevented from complaining about wrongdoing, (*id.* ¶ 8b);

>Plaintiff was not provided the necessary tools or a cell phone, (*id.* ¶¶ 8c, 8d);
>Plaintiff was denied access to his personnel file, (*id.* ¶ 8e);
>Plaintiff was wrongfully suspended for infractions that non blacks were not suspended for, (*id.* ¶¶ 8i, 8j, 8m);
>Plaintiff was wrongfully accused of workplace violence, (*id.* ¶ 8k);
>Plaintiff was called a "nigger" by Defendant Hector Quiles, (*id.* ¶ 8l); and
>Plaintiff was harshly disciplined because of his race, (*id.* ¶¶ 8r, 8s).

According to Plaintiff, the above "wrongful actions did in fact lead to the discipline and termination of Plaintiff from Verizon and caused other damages and losses." (*Id.* ¶ 27).

On August 16, 2012, Plaintiff filed a complaint against Verizon with the Equal Employment Opportunity Commission ("EEOC"). (D.E. No. 30-2, Ex. A, August 16, 2012 EEOC Complaint). On December 21, 2012, Plaintiff received a Dismissal and Notice of Rights letter from the EEOC, indicating that "a lawsuit against the respondent(s) under federal law . . . **must be filed WITHIN 90 DAYS of your receipt of this notice**" ("Right-to-Sue Letter"). (D.E. No. 30-2, Ex. B, December 12, 2012 Dismissal and Notice of Rights ("Right to Sue Ltr.")).

On October 30, 2014, Plaintiff, acting *pro se*, filed a one-page, handwritten complaint in federal court alleging race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), *et seq.* (D.E. No. 1). On May 20, 2015, Defendants Verizon and Hult filed a motion to dismiss, arguing that Plaintiff failed to file the instant federal case within ninety days of receipt of the Right-to-Sue Letter. (*See* D.E. No. 10). The Court granted Defendants' motion to dismiss, holding that Plaintiff failed to file suit within ninety days and that equitable tolling did not apply. (D.E. No. 25, Letter Opinion ("Ltr. Op.") at 2). Moreover, the Court held that Plaintiff failed to state a claim under Title VII. (*Id.*). The Court granted Plaintiff leave to file an Amended Complaint. (*Id.*).

On December 4, 2015, Plaintiff filed the instant four-count Amended Complaint. (D.E. No. 27). Plaintiff asserts the following causes of action: (1) race discrimination and retaliation

under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(1) *et seq.*; (2) discrimination under 42 U.S.C. § 1981; (3) interference with the business and contractual relationship between Plaintiff and Verizon; and (4) discrimination under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-3 *et seq*. (Am. Compl. ¶¶ 13-31).

On January 11, 2016, Defendants Verizon and Hult filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). (D.E. No. 30). Verizon and Hult also moved for summary judgment pursuant to Rule 56 in the alternative. According to Verizon and Hult, Plaintiff's Title VII and NJLAD claims should be dismissed as time-barred. (D.E. No. 30-1, Brief in Support of Defendants' Motion to Dismiss ("Def. Mov. Br.") at 13-16). Verizon and Hult also argue that Plaintiff fails to state a claim under Counts One through Four of the Amended Complaint. (*Id.* at 17-28). Finally, Verizon contends that the Court should dismiss the case under Rule 12(b)(5) for insufficient service of process—and also that, due to insufficient service of process, the Court lacks personal jurisdiction under Rule 12(b)(2) against Verizon. (*Id.* at 28-32).

Plaintiff filed a responsive brief. (D.E. No. 31, Brief in Opposition to Motion to Dismiss ("Pl. Opp. Br.")). The motion is now ripe for adjudication.

## II.     DISCUSSION

As stated, Verizon and Hult argue that: (1) Plaintiff's Title VII and NJLAD claims are time-barred; (2) Plaintiff fails to state a claim; and (3) Plaintiff failed to properly serve Verizon. The Court will address each argument in turn.

### A.     Insufficient Service of Process

The Court views Verizon's service-of-process argument as a threshold matter. Verizon asserts that the Amended Complaint should be dismissed pursuant to Rule 12(b)(5) for lack of

3

service of process.[1]  (Def. Mov. Br. at 28).  The Court previously ruled that Plaintiff failed to serve Verizon in accordance with Federal Rule of Civil Procedure 4; service of process as to Hult was proper.  (Ltr. Op. at 2).  Plaintiff has not cured this deficiency.  Rather, Plaintiff contends that "it is irrelevant as to whether the Defendants were [properly] served at this point in the proceedings." (Pl. Opp. Br. at 8).  According to Plaintiff, Defendants "have consented to the jurisdiction of the court and have waived any defects in the service of process" by appearing in the initial action and this action.  (*Id.*).  The Court disagrees.

Federal Rule of Civil Procedure 12 governs defenses, such as insufficient service of process under Rule 12(b)(5).  According to Rule 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  Rule 12(h)(1) further provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."  Fed. R. Civ. P. 12(h)(1)(A).

Here, Defendants raised the insufficient service of process defense in their original Rule 12(b) motion.  (*See* D.E. No. 10-1, Brief in Support of Defendants' Motion to Dismiss at 14-15). Thus, Defendants' service-of-process defense is not waived.

As to the merits of the motion, the Court concludes, again, that Plaintiff failed to serve Verizon.  Indeed, Plaintiff has only submitted proof of service upon Hult, an individual.  (D.E. No. 6).  Service of process upon a corporation, partnership, or association is effectuated by "in a manner prescribed Rule 4(c)(1) for serving an individual; or . . . by delivering a copy of the summons and complaint to an officer, a managing agent, or any other agent authorized by law to

---

[1] Verizon is seeking dismissal of the entire Amended Complaint *with prejudice* for lack of service. (Def. Mov. Br. at 28).  Verizon and Hult concede, however, that Hult was properly served. (*Id.* at 29).  Accordingly, the Court cannot dismiss the entire Amended Complaint *with prejudice* for improper service.

receive service of process." Fed. R. Civ. P. 4(h)(1).  Under Rule 4(e)(1), service of process can also be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, there is no indication that Plaintiff served Verizon in accordance with Rule 4.  In fact, there is no indication that Plaintiff served Verizon at all.  And Plaintiff concedes this fact by arguing that service of process is "irrelevant" at this stage in the litigation.  (Pl. Opp. Br. at 8). Given that Plaintiff failed to serve a copy of the Summons and Complaint upon Verizon, the Court grants Defendants' motion to dismiss the Amend Complaint, as to Verizon only, *with prejudice*. The Amended Complaint shall proceed against Hult.

  **B.** **Time-Barred Claims**

Verizon and Hult contend that Plaintiff's Title VII and NJLAD claims should be dismissed as time barred.  The Court will address each claim in turn.

  *1.  Title VII*

Before instituting an action under Title VII, a plaintiff must timely file his claim with the EEOC and obtain a right-to-sue letter from the agency.  *See* 42 U.S.C. § 2000e–5.  A plaintiff has ninety days after receiving a right-to-sue letter issued by the EEOC in which to file suit.  *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  The ninety-day limit is strictly construed such that "a civil suit filed even one day late is time-barred and may be dismissed," unless some equitable basis for tolling exists.  *Id.*

Under equitable tolling, "plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."  *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236,

240 (3d Cir. 1999). For example, equitable tolling may be appropriate when a claimant "received inadequate notice of her right to file suit," "when the defendant has actively misled the plaintiff; when the plaintiff in some extraordinary way was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum." *Id.* (internal quotation marks omitted).

Here, the Court again concludes that Plaintiff's Title VII claim is time barred. As previously stated, it clear that Plaintiff failed to file the instant federal claims against Defendants within ninety days of the December 21, 2012 EEOC Right-to-Sue Letter.[2] (*See* Ltr. Op. at 2). Indeed, the instant case was not filed until October 30, 2014—well beyond the ninety-day statute of limitations.

Nevertheless, Plaintiff attempts to argue that his Title VII claim is not time barred because the "continued refusal to let the plaintiffs [sic] return to work because of the illegal acts of the defendant amount to a continuing violation of the law." (Pl. Opp. Br. at 4). This argument is unavailing.

To begin, Plaintiff's Amended Complaint does not allege that Plaintiff sought reemployment, nor does it allege that Defendants refused to let Plaintiff return to Verizon. Moreover, Plaintiff's continuing violations argument appears to be misplaced. Plaintiff is attempting to toll the ninety-day statute of limitations by arguing that Defendants' refusal to rehire him is continued discrimination. But, discrete acts, such as refusal to hire, must be individually actionable.

---

[2] Although Plaintiff did not attach the December 21, 2012 EEOC Right-to-Sue Letter to the Complaint, the Court will rely upon the Right-to-Sue Letter and the dates contained therein without converting the instant motion to a motion for summary judgment because the Right-to-Sue Letter is "a document integral to or explicitly relied upon in the complaint." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Jaramillo v. U.S. Dep't of Labor*, No. 07-2031, 2009 WL 689721, at *2 (D.N.J. Mar. 10, 2009) (relying on right-to-sue letter that was not referenced in the complaint because it "is an integral part of a Title VII claim"); *Lafate v. Hosp. Billing & Collections Serv., Ltd.*, No. 03-985, 2004 WL 1960218, at *1 (D. Del. Sept. 1, 2004) (relying on right-to-sue letter that was not attached to complaint without converting motion to dismiss to motion for summary judgment).

Indeed, the Supreme Court has stated that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  According to the Supreme Court, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act[; t]he charge, therefore, must be filed within the 180- or 300-day[3] time period after the discrete discriminatory act occurred." *Id.* "Discrete acts include, for example, termination, failure to promote, denial of transfer, or refusal to hire." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citation omitted).  Thus, it would appear that Defendants' refusal to allow Plaintiff to return to work would constitute an individually actionable "discrete act" that would require a charge alleging discrimination.

Accordingly, this alleged discrimination cannot serve as a basis for a continuing violation argument since Plaintiff was required to file a charge with the EEOC before asserting such a claim in federal court. The Court, therefore dismisses Count One of the Amended Complaint *with prejudice* as time barred.

### 2. NJLAD Claim

Verizon and Hult also contend that Plaintiff's NJLAD claim is time barred.  NJLAD claims are subject to a two-year statute of limitations.  *West v. City of Newark*, No. 07-1009, 2007 WL 3232587, at *2 (D.N.J. Oct. 31, 2007).  "A NJLAD claim begins to accrue on the date the incident occurred, or when an injured party knows or should have known that there is a basis for an actionable claim." *Id.* (citation omitted).  "The proper focus of the statute of limitations inquiry is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become

---

[3] Pursuant to Title VII, a plaintiff has 300 days from the date of discriminatory act to file a complaint with the EEOC.  42 U.S.C. § 2000e-5(e).

painful." *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 842 (3d Cir. 1992) (citation and internal quotation marks omitted).

Plaintiff again argues that his claim is not time-barred because Defendants' refusal to reemploy Plaintiff constitutes a continuing violation. But, as discussed above, Plaintiff does not allege this form of discrimination in the Amended Complaint. Thus, the last date on which Defendants could have plausibly engaged in discrimination as alleged in the Amended Complaint was Plaintiff's date of termination: September 18, 2012. (*See* D.E. No. 30-2, Ex. C September 18, 2012 Letter of Termination).[4] Accordingly, Plaintiff had until September 18, 2014 to file an NJLAD claim for the allegations alleged in the Amended Complaint.

Even if the Court were to consider to Plaintiff's allegations of continued refusal to rehire, Plaintiff's NJLAD claims must still be dismissed. As stated above, refusal to hire is a discrete act that serves as an individually actionable offense. *See O'Connor v. City of Newark*, 440 F.3d 125, 128, 130 (3d Cir. 2006) (failing to restrict *Morgan* to Title VII claims and holding that "while federal and state discrimination law are not always coextensive, they overlap with respect to *Morgan*'s formulation of the continuing violation doctrine"). Thus, Plaintiff would need to assert any discriminatory refusal to hire as an individual allegation—which he has not done. Moreover, it is unclear from Plaintiff's Complaint the date(s) on which Defendants engaged in such

---

[4] For the purpose of considering Plaintiff's termination date, the Court need not convert the instant motion into one for summary judgment. Indeed, Plaintiff's termination date is "integral to . . . the complaint" because Plaintiff asserts that he was wrongfully terminated. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426; (Am. Compl. ¶ 17). Accordingly, the Court may consider Plaintiff's termination date despite Plaintiff's failure to allege or attach it to the Amended Complaint.

In the alternative, the Court could consider the termination date on a motion for summary judgment because notice was provided. Pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, Verizon and Hult moved for summary judgment in the alternative and provided materials outside the pleadings for consideration. Thus, Plaintiff had notice of the motion for summary judgment and the Court can properly consider matters outside the pleadings. *See id.*

discriminatory actions. Accordingly, the Court cannot determine whether such independent claims of discrimination are time-barred.

The Court's ruling with respect to the NJLAD claims—as currently alleged in the Amended Complaint—has no bearing on Plaintiff's ability to assert timely, properly plead allegations regarding continued violations for failure to rehire to any future amended complaint. However, Plaintiff's NJLAD claims (as currently alleged in the Amended Complaint) are dismissed *with prejudice* as time-barred.

### C. Failure to State a Claim

Next, Verizon and Hult assert that Plaintiff fails to allege facts sufficient to state Section 1981 and tortious inference claims. (Def. Mov. Br. at 20-28).

#### *1. Section 1981*

Verizon and Hult contend that Plaintiff fails to allege a plausible basis for a claim of relief under Section 1981. (*Id.* at 20-24). Section 1981 provides, in relevant part, that:

> All persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. For a Section 1981 claim, a plaintiff must prove "(1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Here, Plaintiff's contentions simply do not permit the Court to reasonably infer that Defendants' alleged race discrimination interfered with Plaintiff's right to contract, sue, or carry on any other protected activities under Section 1981. Nothing in the Amended Complaint alleges

9

that Defendants discriminated against Plaintiff with respect to making or enforcing contracts, his right to sue, be a party, or give evidence, or his full and equal benefit of all laws and proceedings. Indeed, Count Two of the Amended Complaint simply alleges—in conclusory fashion—that Defendants' "illegal, improper, and discriminatory acts" constitute violations. (Am. Compl. ¶ 22). Count Three of the Amended Complaint references a "contractual relationship between the plaintiff and Verizon" (*id.* ¶ 26), but fails to mention any interference with this contract that resulted from discrimination. Plaintiff's opposition brief also advances no argument as to how any alleged discrimination interfered with Plaintiff's Section 1981 protected activities.[5] The Court therefore dismisses Plaintiff's Section 1981 claim *without prejudice* to Plaintiff filing a Second Amended Complaint. Any future dismissal for failure to state a claim will be *with prejudice*.

### 2. Interference with Business and Contractual Relationship Claim

Given that Plaintiff's federal questions claims are dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims at this time. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

### III. CONCLUSION

For the reasons stated above, Verizon and Hult's motion to dismiss is GRANTED. Counts One and Three are dismissed *with prejudice* as timed-barred. Counts Two and Four are dismissed

---

[5] Plaintiff's opposition brief states:

> Plaintiff has pled a claim cognizable under 42 USC Section 1981. First it must be shown that the plaintiff is a member of a racial minority, which he is, a black American[.] Secondly that the defendants intend to discriminated [sic] against him because of his race. Based on the appropriate inferences there was discrimination against him because of his race. Thirdly that the discrimination was a protected activity under the statue, [sic] which has been established by facts set for in the complaint. All that is required is a modicum of specificity in identifying the alleged in appropriate [sic] conduct.

(Pl. Opp. Br. at 5-6).

*without prejudice* to Plaintiff filing an Amended Complaint—which may include non-time-barred NJLAD claims.  Defendant Verizon is dismissed *with prejudice* pursuant to Federal Rule of Civil Procedure 12(b)(5) for Plaintiff's failure to properly effectuate service of process.  An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
