**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY L. ADAMS,<br><br>    Plaintiff,<br><br>v.<br><br>KENNY HULT, et al.,<br><br>    Defendants. | Civil Action No. 14-6820 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Kenneth Hult, Jr.'s ("Hult") motion to dismiss Plaintiff Jeffrey L. Adams's ("Plaintiff") Second Amended Complaint (D.E. No. 37 ("SAC")). (D.E. No. 84). The Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Subject matter jurisdiction is proper under 28 U.S.C. § 1331 based upon Plaintiff's assertion of federal claims, (*see* SAC), and supplemental jurisdiction is proper under 28 U.S.C. § 1367 for Plaintiff's state law claims. For the reasons stated herein, the Court GRANTS the motion to dismiss and dismisses this action *with prejudice*.

**I.    Background**

The Court assumes the parties' familiarity with the underlying facts of this case and intends this Opinion to be read in conjunction with its prior Opinions and Orders. (*See* D.E. Nos. 25–26 & 35–36). Indeed, the Court notes that the factual allegations alleged in the SAC are substantively the same allegations asserted by the first amended complaint. (*Compare* SAC ¶¶ 1–12, *with* D.E. No. 27 ¶¶ 1–12).[1]

---

[1] For example, the allegations in paragraph 8 are identical, but only add when these alleged discriminatory acts

Plaintiff's first amended complaint asserted claims against Verizon New Jersey, Inc. ("Verizon"), and Verizon employees Hult, Efrain Santiago ("Santiago"), Thomas Tallman ("Tallman"), Mark Stellato ("Stellato"), and Hector Quiles ("Quiles"). (*See* D.E. No. 27). Plaintiff asserted (1) race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), *et seq.*; (2) discrimination under 42 U.S.C. § 1981; (3) state-law tortious interference with the business and contractual relationship between Plaintiff and Verizon; and (4) discrimination under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-3 *et seq*. (*See id.*).

After Verizon and Hult moved for dismissal, the Court issued an Opinion and Order on September 30, 2016, dismissing the first amended complaint. (D.E. Nos. 35 & 36). Particularly, the Court dismissed all claims against Verizon *with prejudice* because Plaintiff had served only Hult. (D.E. No. 35 at 5).[2] Additionally, the Court dismissed Plaintiff's Title VII claim *with prejudice* as time barred, dismissed the NJLAD claim as time barred (but permitted Plaintiff to re-plead a NJLAD discriminatory failure to rehire), dismissed Plaintiff's Section 1981 claim *without prejudice*, and declined to exercise supplemental jurisdiction over the state-law tortious interference claim. (*Id.* at 10–11).

The SAC asserts two Counts: Count 1 – Section 1981 discriminatory interference with contractual right; and Count 2 – discriminatory failure to rehire under New Jersey ("NJLAD"). (*See generally* SAC). The Court notes that to date Plaintiff has only served Hult (D.E. No. 6), and has failed to serve Santiago, Tallman, Stellato, and Quiles.

---

occurred. (*See e.g.*, SAC ¶ 8a (noting that defendants denied Plaintiff medical attention in December 2011); *id.* ¶ 8b (alleging that the "gag order" was placed in 2008); *id.* ¶ 8c (stating he was not provided with necessary tools in 2010).

[2] On November 5, 2015, the Court entered a Letter Order specifically stating that "Plaintiff has failed to serve each defendant in accordance with Federal Rules of Civil Procedure 4(a)-(m). Plaintiff served only one defendant, Kenneth Hult." (D.E. No. 25 at 2 (citing D.E. No. 6)).

## II. Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). But a limited exception exists for "document[s] *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *Jeffrey Rapaport M.D., P.A. v. Robins S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) (citation omitted).

## III. Discussion

As a starting point, Plaintiff fails to meet the requirements of notice pleading. Rule 8(a)(2)'s pleading standard requires that a complaint set forth the plaintiff's claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). The complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to

the plaintiff's allegations. *Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, a plaintiff must "specify which defendants performed which acts." *Zuniga v. Am. Home Mortg.*, No. 14-2973, 2016 WL 886214, at *2 (D.N.J. Mar. 7, 2016); *Boyd v. N.J. Dep't of Corr.*, No. 12-6612, 2013 WL 4876093, at *6 (D.N.J. Sept. 10, 2013) (finding complaint deficient when it held "eleven Defendants liable on all claims, without pleading specific facts indicating each Defendant's liability for each claim").

Here, with few exceptions, Plaintiff does not identify which of the named defendants committed which of the alleged discriminatory acts. Instead, most of the factual allegations state that "defendants or any of them" committed the alleged discriminatory act. (*See, e.g.*, SAC ¶ 8 ("By way of illustration and not limitation the defendants or any of them discriminated against the plaintiff Jeffrey L. Adams because of his race in the following particulars[.]"); *id.* ¶ 21 ("The illegal and improper acts of the defendants or any them [sic] as set forth herein, interfered with the contractual relations between Verizon . . . ."); *id.* ¶ 22 ("The illegal and improper acts of the defendants or any of them as set forth herein, interfered with the contractual relations between [Plaintiff and Plaintiff's Union.]").

Because these allegations fail to identify which of the named defendants is accused of committing which discriminatory act, Plaintiff has failed to meet the notice requirements of Rule 8. *See Zuniga*, 2016 WL 886214, at *2; *Turner v N.J. State Police*, 2017 WL 1190917, at * 10 n.22 (D.N.J. Mar. 29, 2017) ("A Complaint's failure to differentiate between defendants can warrant dismissal in and of itself under Fed. R. Civ. P. 8(a)."); *Galicki v. New Jersey*, 14-0169 2015 WL 3970297, at *3 (D.N.J. June 29, 2015) (noting that lumping all defendants together fails to put defendants on notice of their own alleged wrongdoing). Some specificity as to who did what is particularly important here, where Plaintiff has only served Hult. (*See* D.E. No. 6). And

aside from identifying Hult as being one of his supervisors (*see* SAC ¶¶ 3 & 4), Plaintiff has not individually identified Hult as having committed a single alleged discriminatory act, (*see generally* SAC). Thus, this deficiency alone is sufficient to find that Plaintiff has failed to allege any claim against Hult. *See Caponegro v. United States Dep't of Hous. & Urban Dev.*, No. 15-3431, 2017 WL 2197124, at *4 (D.N.J. May 18, 2017) (dismissing complaint when it was not "possible to confidently infer against which of the defendants an allegation is directed").

But the deficiencies do not end here. As outlined below, Plaintiff has plainly failed to address any of the defects outlined by this Court's prior Opinion. As such, the Court dismisses this action *with prejudice*.

### A. Section 1981 Claim

To state a racial discrimination claim under Section 1981, a plaintiff must establish: "(1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981, including the right to make and enforce contracts. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002) (internal quotation marks omitted).

As with the prior complaint, Plaintiff fails to allege sufficient facts indicating that any claimed discrimination by Hult interfered with a protected contractual right. In the prior Opinion the Court noted that

> Plaintiff's contentions simply do not permit the Court to reasonably infer that [Hult and Verizon's] alleged race discrimination interfered with Plaintiff's right to contract, sue, or carry on any other protected activities under Section 1981. Nothing in the Amended Complaint alleges that [Hult and Verizon] discriminated against Plaintiff with respect to making or enforcing contracts . . . . the Amended Complaint simply alleges—in conclusory fashion—that [Hult and Verizon's] "illegal, improper, and discriminatory acts" constitute violations . . . . [and] references a "contractual relationship between the plaintiff and Verizon" . . . but fails to mention any interference

with this contract that resulted from discrimination

(D.E. No. 35 at 9–10 (citations omitted)). As noted above, Plaintiff's SAC largely regurgitates the deficient allegations asserted in the prior dismissed complaint. At most, Plaintiff only adds conclusory allegations that the "illegal and improper acts of the defendants or any them" interfered "with the contractual relations between Verizon and plaintiff" by causing Plaintiff "to be punished by Verizon inappropriately and suffer lost wages and benefits and opportunities for advancement provided for other employees and were otherwise improper." (*See* SAC ¶ 21). But Plaintiff does not add any *factual* allegations that would support this conclusion, much less that would connect it to any alleged misconduct by Hult. For example, there are no allegations that Hult suspended Plaintiff, or that Plaintiff applied for a promotion but Hult denied it or influenced its denial, or that anything Hult did caused Verizon to terminate Plaintiff. As such, this new conclusory assertion fairs no better than Plaintiff's prior conclusory allegation that the "wrongful actions did in fact lead to the discipline and termination of Plaintiff from Verizon and caused other damages and losses." (*See* D.E. No. 35 at 2 (quoting D.E. No. 27 ¶ 27)); *see also Twombly*, 550 U.S. at 557 (noting that "naked assertions" devoid of "further factual enhancement" is insufficient to plausibly state a claim).

Plaintiff also adds that the "illegal and improper acts of the defendants or any of them . . ., interfered with the contractual relations between" Plaintiff and Plaintiff's Union because "the actions of the defendants or any of them made it impossible for the Union to properly and adequately represent the plaintiff in employment related matters with Verizon." (SAC ¶ 22). But once again the SAC alleges no facts to support such a conclusion. For example, Plaintiff does not allege what these "employment related

matters" were, or how the actions of any defendants in any way prohibited his Union from representing him. (*See generally* SAC). More importantly, he alleges no facts showing that Hult had any involvement in the complained of conduct. (*See id.*; *see also* D.E. No. 80 at 4–5 n.4 (denying *with prejudice* motion to amend the SAC to add another defendant without adding any new facts, because the proposed Third Amended Complaint failed to cure the deficiencies outlined by the Court's September 30, 2016 Opinion). In short, Plaintiff has failed to state a claim under Section 1981 against Hult, and the Court will dismiss this claim *with prejudice*.[3]

## B. NJLAD Claims

*Failure to rehire claim:* This Court previously explained that the NJLAD claims are subject to a two-year statute of limitations. (*See* D.E. No. 35 at 7 (citing *West v. City of Newark*, No. 07-1009, 2007 WL 3232587, at *2 (D.N.J. Oct. 31, 2007)). Because Verizon terminated Plaintiff's employment on September 18, 2012, and Plaintiff initiated this action more than two years later on October 30, 2014, Plaintiff may only proceed on an NJLAD claim against the individual defendants based on discriminatory failure to rehire. (*See id.* at 8 ("Accordingly, Plaintiff had until September 18, 2014 to file an NJLAD claim for the allegations alleged in the Amended Complaint.")).

Hult argues that the SAC still fails to state a claim under the NJLAD because Plaintiff has not alleged that Hult aided and abetted in the discriminatory conduct. (D.E. No. 84-1 at 15–18). The Court agrees.

---

[3] Hult also argues that to the extent Plaintiff is alleging a retaliation claim under Section 1981, such claim must fail for similar reasons. (D.E. No. 84 at 14). Particularly, Hult argues that even assuming the Plaintiff engaged in protected activity, "he does not allege sufficient facts to show that any causal link existed between these complaints and the complained of conduct." (*Id.* (citing SAC ¶¶ 8p. & 11)). Because Plaintiff does not respond to this argument, and because the Court agrees with Hult, the Court finds that Plaintiff has failed to state a Section 1981 retaliation claim. *See, e.g.*, *Reid v. Exelon Corp.*, No. 17-4043, 2018 WL 2441744, at *5 (D.N.J. May 31, 2018).

The NJLAD "imposes liability only on 'employers' and not individual employees." *Tyson v. CIGNA Corp.*, 918 F. Supp. 836, 840 (D.N.J. 1996), *aff'd*, 149 F.3d 1165 (3d Cir. 1998). An individual employee may be liable under NJLAD only for aiding and abetting an employer to commit any of the acts forbidden by the NJLAD. *Id.* The words "aiding and abetting" require active and purposeful conduct, and in order to hold an employee liable as an aider or abettor, a plaintiff must show that "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation." *Cicchetti v. Morris Cty. Sheriff's Office*, 947 A.2d 626, 645 (N.J. 2008).

As state above, Plaintiff does not allege any facts indicating that Hult specifically engaged in any discriminatory conduct. And the SAC does not allege anywhere that Hult aided and abetted in any discriminatory conduct by Verizon, including Verizon's decision to not rehire Plaintiff. (*See generally* SAC). As such, Plaintiff fails to allege an NJLAD claim against Hult. *See, e.g.*, *Bartone v. NetJets, Inc.*, No. 11-0008, 2011 WL 2532497, at *5 (D.N.J. June 24, 2011) (finding that the plaintiff failed to state an aiding and abetting claim where the "[p]laintiff merely alleges that [individual defendant] was 'intimately involved' in the decision to terminate [the p]laintiff.").

Moreover, this Court previously explained that because discriminatory failure to rehire is a "discrete act" (and thus not subject to the continuing violation doctrine), "Plaintiff would need to assert any discriminatory refusal to hire as an individual allegation—which he has not done." (D.E. No. 35 at 8–9). The SAC again fails to assert *any* factual allegations that would permit this Court to infer the existence of a failure to hire claim. Plaintiff's sole related allegation is that "defendant Verizon refused to rehire until March 2016." (SAC ¶ 18). But Verizon is no longer a

party to this action, and Plaintiff provides nothing else that would remotely indicate that any of the individual defendants, much less Hult, aided and abetted in Verizon's refusal to rehire. (*See generally* SAC). Therefore, Plaintiff's NJLAD claim plainly fails to state a claim against *any* of the individual defendants. *See Martinez v. Anselmi & Decicco, Inc.*, No. 09-5277, 2009 WL 5206286, at *6 (D.N.J. Dec. 22, 2009) ("[The] Amended Complaint provides no information to demonstrate that she has a plausible failure to rehire claim . . . she simply alleges: 'The foregoing facts and circumstances . . . demonstrate that Defendants have violated the [NJLAD] by failure to rehire Plaintiff.' . . . Therefore, this Count will be dismissed with prejudice.").

*Retaliation claim:* Finally, to the extent Plaintiff asserts a retaliation claim under the NJLAD, the claim fails for substantially the same reasons. To assert a claim for retaliation under the NJLAD, a plaintiff must prove that: (1) he engaged in a protected activity known by the employer; (2) thereafter, the employer unlawfully retaliated against him; and (3) his participation in the protected activity caused the retaliation. *Tartaglia v. UBS PaineWebber Inc.*, 961 A.2d 1167, 1192 (N.J. 2008). "[T]he central element of a [retaliation] claim under the LAD is that the plaintiff be engaged in a protected activity, which is known by the alleged retaliator." *Barroso v. Lidestri Foods, Inc.*, 937 F. Supp. 2d 620, 630 (D.N.J. 2013) (quoting *Mancuso v. Atl. City*, 193 F. Supp. 2d 789, 811 (D.N.J. 2002)) (internal quotation marks omitted).

Here, the SAC asserts that:

> Plaintiff has communicated to upper management concerning the malicious and racist activities goings [sic] on at the company to no avail. By way of illustration and not limitation, plaintiff has communicated with Verizon security, the EEO and ethics department at Verizon and outside Verizon, Dennis Bone Verizon Vice President, HR representatives Steve Cafiero and Rick DeJuses, area manager Peter Freer but no action has been taken. The last time this communication took place was in December 2012.

(SAC ¶ 8p). Plaintiff also alleges that he "reported the illegal and improper activities to the proper

9

authorities at Verizon and no action was taken by the defendants any [sic] of them to remediate or correct the problems but only to retaliate against him and punish him." (*Id.* ¶ 11). Plaintiff then asserts that "[t]he defendants or any of them wrongfully retaliated against the plaintiff for asserting his rights under the New Jersey Law Against Discrimination." (*Id.* ¶ 26).

Even assuming that these allegations are sufficient to state a "protected activity," Plaintiff provides no factual allegations as to how "defendants or any of them" retaliated against him at any point from October 30, 2012 onwards. (*See generally* SAC). And the "naked assertion" presented by paragraph 30, devoid of "further factual enhancement" is insufficient to state a claim. *See Twombly*, 550 U.S. at 557; *see also Buckley v. Power Windows & Sidings, Inc.*, No. 09-3162, 2010 WL 3981978, at *4 (D.N.J. Oct. 7, 2010); *Watiti v. Walden Univ.*, No. 07-4782, 2008 WL 2280932, at *14 (D.N.J. May 30, 2008). Consequently, Plaintiff's NJLAD claim is dismissed *with prejudice*.

## IV. Conclusion

For the reasons stated above, Hult's motion to dismiss is GRANTED. Because Plaintiff has had several opportunities to allege his claims, and because the Court warned that "[a]ny future dismissal for failure to state a claim will be *with prejudice*" (*see* D.E. No. 35 at 10), the SAC is dismissed in its entirety *with prejudice*.[4]

---

[4] The Court also dismisses this matter against all remaining defendants. *See Estate of Fabics v. City of New Brunswick & its Agents*, 674 F. App'x 206, 210 (3d Cir. 2016) (stating that "dismissal of the entire action was warranted regardless of who had answered or moved to dismiss the complaint" where the complaint fails to comply with Rule 12(b)(6)). To the extent Plaintiff asks this Court to grant an extension of time within which to effectuate service on Santiago, Tallman, Stellato, and Quiles, the Court declines the request. First, the claims asserted against these defendants would fail for substantially the same reasons outlined above. Second, this action was filed more than four years ago, and Plaintiff has been on notice that failure to serve can constitute grounds for dismissal since at least March 17, 2015. (*See* D.E. No. 4); *see also* Fed. R. Civ. P. 4(m). And although Plaintiff initiated this action *pro se*, he has been represented by counsel since at least December 4, 2015. (*See* D.E. No. 27). Plaintiff has not described any efforts to serve these defendants, even after the Court dismissed Verizon for that very reason. (*See* D.E. Nos. 35 & 91).

Additionally, the Court declines Plaintiff's baseless assertion that while Santiago, Tallman, Stellato, and Quiles have not been served, "their Counsel has." (D.E. No. 91 at 3). Plaintiff appears to assume that Hult's counsel will also represent these other individuals in the event they are served. But this places the horse before the cart. Only Hult and Verizon have entered an appearance in this case, and only Hult has been served. Plaintiff provides nothing

An appropriate Order accompanies this Opinion.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

to support his assertion that these defendants have made an appearance in this case—they have not. (*See generally* Docket).